Patricia E. Fink, appellant, v. Donald K. Meister et al., appellees.

196 N. W. 2d 122

Filed March 31, 1972.   No. 38156.

Robert R. Gibson, for appellant.

Cline, Williams, Wright, Johnson & Oldfather, for appellees.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

Boslaugh, J.

This action arises out of an automobile accident. The trial court dismissed the action at the close of the plaintiff's evidence. The sole question before us is whether the plaintiff's evidence presented a question for the jury.

The accident happened at about 9:15 p. m., on January 6, 1970, on State Highway No. 50 approximately 3.4 miles south of Syracuse, Nebraska. It was a dark night but the weather was clear. The surface of the highway was dry.

The highway at that point runs straight north and south and is a 2-lane highway paved with concrete, 22 feet wide. There was some snow on the shoulders of the highway and there were piles or ridges of snow

near the ditch formed by snow which had been removed from the highway.

The defendant, David Meister, had been driving a 1967 Chevrolet automobile owned by his father, Donald K. Meister, south on Highway No. 50. He was in the process of making a U-turn on the highway when his automobile stalled. The record is not clear as to the exact position of the Meister automobile at the time of the accident, but apparently it extended across parts of both lanes and was headed somewhat to the northeast. There is no evidence as to why the automobile stalled; how long it had remained in that position; or whether any efforts were made to remove it from the traveled portion of the highway. The specifications of negligence alleged against the defendants were failure to keep a proper lookout; failure to maintain reasonable control; and turning from a direct course upon a highway when the movement could not be made with reasonable safety.

The plaintiff, Patricia E. Fink, was driving her 1963 Dodge automobile south on Highway No. 50 at about 60 miles per hour. The headlights on her automobile were turned on but the evidence does not show whether they were on high beam. The plaintiff was not wearing glasses at the time of the accident although she is nearsighted and her driver's license was then restricted to require glasses while driving.

The plaintiff testified that as she came over a hill she saw something in the road in front of her; the defendant's automobile seemed to be only 2 to 4 car lengths away; she told her sister who was riding in the rear seat to hit the floor; the collision occurred; and the car went through the ditch and then stopped.

The impact occurred in the west or southbound lane of the highway. The left front part of the plaintiff's automobile struck the left rear fender of the Meister automobile. After the impact the plaintiff's automobile entered the ditch on the west side of the highway,

struck a mailbox and telephone pole, and traveled approximately 310 feet through the snow before coming to rest. There were no skid marks, and the evidence indicates that the plaintiff did not apply her brakes before the impact.

The accident was investigated by Charles L. Griffith, a state patrolman. He testified that the impact area was located in the southbound lane, 500 to 600 feet south of the crest of the hill. The photographs which are in evidence corroborate his testimony in this regard.

Lester Feurer was the first person to arrive after the collision. The plaintiff had passed Feurer about ½ mile south of Syracuse, Nebraska. Feurer was then traveling about 50 miles per hour. Feurer stopped when he noticed some movement in the highway approximately 100 yards in front of him. This proved to be one of the passengers from the Meister automobile who was then 10 to 15 yards north of the Meister automobile and waving his arms to stop traffic.

Generally it is negligence, as a matter of law, for a motorist to drive so fast on a highway at night that he cannot stop in time to avoid collision with an object within the area lighted by his headlights. Bartosh v. Schlautman, 181 Neb. 130, 147 N. W. 2d 492. The rule is not applicable where the object struck could not ordinarily be observed by the exercise of ordinary care in time to avoid a collision or reasonable minds might differ as to whether the motorist was exercising due care under the circumstances.

The plaintiff argues that the rule should not be applicable in this case because the color of the Meister automobile was such that it tended to blend in with the pavement. The record does not show the color of the Meister automobile and the photographs which are in evidence do not support this contention. There is nothing in the record to avoid the application of the rule. If the plaintiff had maintained a proper lookout and

control of her automboile the accident would not have happened.

The judgment of the district court is affirmed.

AFFIRMED.