STATE OF NEBRASKA, APPELLEE, v. JAMES M. CLARK, APPELLANT.

233 N. W. 2d 898

Filed October 9, 1975. No. 39907.

Richard Douglas McClain, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

SPENCER, J.

James M. Clark, defendant-appellant, appeals from an order of the District Court for Johnson County affirming his conviction on a charge of assault and battery and the imposition of a 30-day jail sentence by the Johnson County court.

We condense defendant's assignments of error as follows: (1) The District Court did not consider the appeal de novo, and abused its discretion in affirming sentence; (2) the sentence is excessive and inconsistent with a plea bargain; and (3) the District Court erred in affirming the county court judgment because the county attorney at no stage moved to affirm the judgment, and in refusing to permit an amendment of the record in this court to reflect that fact. We affirm.

The charge here stems from an incident which took place at Sterling, Nebraska, on August 12, 1974. After a scuffle in a tavern owned by Marvin Cress, defendant was taken outside by the town constable. Defendant, who had failed to cool off, went back to the tavern, kicked the door open, and struck Cress who was then using the telephone to call the sheriff. Cress sustained a broken nose. A state trooper arrived on the scene when defendant was starting to leave in his car. Defendant was told to wait until the trooper had a chance to check out the situation. However, he got in his car and drove off. He was followed by the trooper and the town constable. When he was in the country he either

voluntarily stopped or was stopped by the trooper, who ticketed him for careless driving.

Defendant was charged with assault and battery, careless driving, and malicious destruction of property in excess of $100. Pursuant to a plea bargain, defendant pled guilty to an amended charge of destruction of property of less than $100 and to careless driving. The court accepted the plea, placed Clark on probation for 1 year, and ordered him to make restitution.

There was no plea bargain with respect to the assault and battery charge. Clark was permitted to plead nolo contendere. The county judge accepted the plea and continued the matter 3 weeks for sentencing. The defendant was subsequently sentenced to 30 days in the county jail. He perfected an appeal to the District Court from which this appeal was taken.

Defendant's third assignment of error will be considered first. Clark contends that the District Court erred in affirming the judgment when the matter was not properly before it, in that the county attorney had failed to move the District Court for affirmation of the conviction. There is a question as to whether defendant's counsel had moved to dismiss for this reason. If such a motion was made, it was oral and was made at a time when the court reporter was not present in the courtroom. The trial judge had no firm recollection of the motion. Defendant's witnesses testified that it had been made. The county attorney testified that it had not been made while he was present in the courtroom. In any event, it is immaterial whether the motion was made or not.

While it may be customary in some counties for the prosecutor to move in the District Court to affirm the judgment, the county attorney had no affirmative duties, statutory or otherwise, to do so. It is the duty of the appellant to prosecute the appeal. As we said in Riggert v. King (1974), 192 Neb. 607, 223 N. W. 2d 155: "Error is not presumed and the burden is upon the

party complaining of the action of the lower court to show by the record that it was erroneous." It is the duty of the appellant to prosecute the appeal by seeing that the record of the evidence in the county court is properly presented in the District Court. Where no record of the evidence in the lower court is presented to the reviewing court, it is presumed the evidence sustained the findings of the court. The judgment then must be affirmed if the pleadings support the judgment.

Clark's first assignment of error is that the District Court failed to exercise independent judgment in conducting a trial de novo on the record. He premises this on the statement by the court: "Now, the Court proceeds to impose sentence, and I'll call your attention that the District Court is no forum to second guess County Judges." He contends that by this statement the District Judge abdicated his responsibility to conduct a trial de novo on the record. The District Court made a more detailed statement regarding the role of the District Court in a review of a criminal conviction in the county court. The District Judge stated: "THE COURT: Stand up, Mr. Clark. The Court having considered the record, the Bill of Exceptions, makes a further finding that the judgment of the County Court should be now affirmed. There is no showing that the court abused it's (sic) discretion.

"It is not the purpose of appeals to separately consider and impose sentence in these cases. The Court considers them on the basis of whether or not there has been an abuse of discretion, and, I find none."

Section 24-541, R. S. Supp., 1974, covers all appeals for which no specific provision is made. Criminal misdemeanor appeals from the county court are specifically covered by section 29-613, R. S. Supp., 1974, and are restricted to the record made in the lower court. This section provides: "The district court shall hear and determine any cause brought by appeal from a county or municipal court upon the record, and may affirm,

modify, or vacate the judgment, or may remand the case to the county or municipal court for a new trial."

Defendant's principal assignment of error is that the sentence is excessive and inconsistent with the plea bargain. First, there was no plea bargain on the assault and battery charge. The record clearly demonstrates that the plea bargain was specifically limited and did not include the assault and battery charge. Secondly, there is no abuse of discretion herein. Our law is well settled that, in the absence of an abuse of discretion, a sentence imposed within the statutory limits will not be disturbed on appeal. State v. Suttle (1975), *ante* p. 470, 232 N. W. 2d 33. The record reflects evidence which would indicate the defendant himself initially provoked the altercation and after he had been ordered by the town marshall to leave the tavern he returned to it, busted the door open, and broke the nose of the owner of the building. In light of the injury inflicted, the defendant could have been sentenced to 6 months rather than 30 days.

The judgment of the District Court is affirmed.

AFFIRMED.