STATE OF NEBRASKA, APPELLEE, v. ALEX V. HORN,
APPELLANT.
250 N. W. 2d 912

Filed March 2, 1977. No. 40733.

Paul M. Conley, for appellant.

Charles Humble and Norman Langemach, Jr., for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

Defendant, Alex V. Horn, appeals to this court from a judgment entered by the District Court for Lancaster County affirming his conviction in the municipal court of Lincoln, Lancaster County, Nebraska, for violation of an ordinance of that city making it illegal "* * * to fire or discharge any gun or firearm, including any pistol, revolver, shotgun or rifle, within the corporate limits, or on any property of the City of Lincoln outside of the corporate limits." The penalty set in the ordinance for the violation thereof is imprisonment in the city jail for a period not to exceed 6 months, or by a fine not to exceed $500 and costs, or both. See §§ 9.28.010 and 30.04.040, Lincoln Municipal Code. Following appellant's plea of not guilty to the charge, the matter was tried to the court. Appellant concedes in his brief that he did not seek counsel in the municipal court proceedings, and voluntarily chose to represent himself at his trial. After taking evidence from both

sides, the appellant was found guilty of the ordinance violation and was sentenced to pay a fine of $150 and costs. In the hearing in District Court on appeal, the court reviewed the case on the record from the municipal court, and correctly refused to hear additional evidence. § 29-613, R. R. S. 1943; Phillippe v. Barbera, 195 Neb. 727, 240 N. W. 2d 50 (1976); State v. Clark, 194 Neb. 487, 233 N. W. 2d 898 (1975). The District Court affirmed the conviction of the appellant and imposed the identical sentence of the municipal court. We affirm.

Although appellant assigns as error in his appeal to this court that there was insufficient evidence in the trial court to sustain a finding of guilt, and also that the sentence was excessive, the main thrust of his complaint is that the trial court did not protect the appellant's rights to a sufficient degree, considering he was not represented by an attorney during the proceedings, and was, in fact, representing himself. Appellant claims that the trial court erred in failing to explain the procedure of trial to the accused and in allowing the prosecutor to ignore settled rules of evidence. He also claims that the District Court, on appeal, erred in not permitting further evidence to be introduced at the appellate level and in wrongfully explaining the procedure to be followed.

We have carefully reviewed the entire record in this case and find that the evidence contained therein is more than ample to sustain the conviction of the defendant for the offense with which he was charged. Officers of the Lincoln police department were called to appellant's premises at 1415 South 7th Street in Lincoln, Nebraska, on April 18, 1975, on a complaint that a shotgun was discharged within the city limits. It appears from the record that a new employee of City Sanitary Garbage, which collects refuse in the City of Lincoln, had attempted to pick up appellant's garbage, apparently unaware that on prior occasions there had

been trouble between the appellant and the company regarding claimed trespasses on appellant's property, and that the company had ceased making collections of garbage at that address but had failed to inform the new employee of that fact. Appellant came out of his house with a shotgun, pointed it at the new employee, and told him to drop his bucket and run, which he did. He returned shortly thereafter with some other employees of the garbage company, but at the time of the incident in question they were not on the property of the appellant, but were in the alley behind appellant's residence. Appellant again threatened the employees with his shotgun, assured them that he was serious in his threat to shoot them, and to prove his point discharged the shotgun into the air. Not only did the employees testify at the trial that appellant had indeed fired the shotgun into the air, but the appellant himself admitted that he had done so.

In defense of his actions, appellant claimed that he had a right to protect his property, and also that he fired his shotgun in self-defense. Even assuming that one of the employees may have trespassed on his property on the occasion in question, at the time of the firing of the shotgun the employees were no longer trespassing upon his property; and, in any event, the mere trespass, inadvertent in this case, would not by any stretch of the imagination serve as justification for appellant firing his shotgun. Appellant also claimed that the employees of the company were threatening to do damage to his shrubbery, but this allegation was denied by all the employees. Even if it were true, it would in no manner suffice as justification for the discharge of the weapon, and could not justify the discharge of the weapon by the appellant under a claim of self-defense. The evidence sustaining the conviction of the appellant was clearly sufficient.

We also dispose of the claim that the sentence was excessive by pointing out that the maximum permissible

sentence under the ordinance was not to exceed 6 months in the city jail or by a fine not to exceed $500, or both. The fine imposed upon the defendant in this case was $150, clearly within the permissible range of the authorized fines. Considering the gravity of the offense, we do not feel that a fine of $150 under the circumstances was excessive.

We turn now to the principal issue in the appeal, which deals with the duty of the court to assist and protect a defendant who chooses to represent himself. No complaint is made in this appeal as to the failure of the court to appoint counsel for the defendant, who chose to represent himself, but the complaint appears to be that the judges in the two courts did not go far enough in protecting his interests. We have reviewed the record of the trial in municipal court and find that although it is true that the trial judge did sustain numerous objections on the part of the city attorney to questions asked of witnesses by the appellant, it appears that the sustaining of the objections by the court was proper, and that the matters inquired of were not relevant or material. In several instances the court did not sustain objections made by the city attorney. We have searched the entire record and do not find any instances of objections made by the appellant. On at least two occasions, references were made to extending the appellant latitude in his questioning because of his not being represented by counsel. There was ample and sufficient testimony by witnesses at the trial to sustain the conviction of the defendant, which evidence was properly admissible, even if it had been objected to by a counsel employed by defendant. The trial court allowed appellant a great deal of latitude in presenting his evidence.

Moreover, on appeal, the District Judge allowed appellant more than one opportunity to secure counsel, but he failed to do so. He gave the appellant a full opportunity to present his case under the rules of law

applicable to appeals in criminal matters from municipal court. The District Court was also correct in informing appellant that the trial on appeal would be on the record from the municipal court and that the court was not permitted to receive additional evidence. Although counsel for appellant contends this was error, we believe he was confusing the rule in appeals in civil matters with the rule applicable to appeals in criminal matters. State v. Clark, *supra*; Phillippe v. Barbera, *supra*. Notwithstanding this fact, the trial court gave the appellant full and ample opportunity to tell his entire story about what had transpired at the time of his sentencing, and undoubtedly was aware of all the facts claimed by appellant which could conceivably be a defense to the charge against him, although, under the rules above stated, he could not lawfully receive appellant's statement as evidence in the appeal.

The only case cited by appellant in support of his claim that the trial court did not sufficiently protect his rights is Grubbs v. State of Indiana, 255 Ind. 411, 265 N. E. 2d 40 (1970). The court in that case stated that a trial court cannot sit idly by when a defendant represents himself, but must actively direct the course of the trial so as to protect the ultimate purpose of that trial, which is to bring about a decision by the judge or jury which is based upon relevant and non-hearsay evidence. The court held that the trial court should not permit the prosecutor to ignore settled rules of evidence. However, we are impressed by the language of Judge Arterburn in his concurring opinion in that case that: "When a man of intelligence voluntarily decides to be arraigned and go to trial without a lawyer, the constitution undoubtedly gives him that right. I am afraid from the tenor of the majority opinion that it will be interpreted to hold that a trial judge becomes a lawyer for the defendant who has no lawyer. With this I cannot agree. If true, it would

be much better for the defendant in most cases to have the judge trying the case as his lawyer than to have some outside attorney defending him. It takes the judge out of the position of being an impartial presiding officer and gives him a duty to assume a partisan view, looking out at all times for the defendant's interests.

"The next step would be to hold that the judge is obligated to introduce certain evidence or subpoena certain witnesses for the defendant where the record appears afterwards to show such would have been helpful to the defendant's interest."

We concede that there may be instances where the decision as to where to draw the line between assisting a criminal defendant who is representing himself and acting as lawyer or advocate may become difficult of determination. It does not appear to be so in this case. The ultimate test is whether or not the appellant received a fair trial and a fair opportunity to present his side of the case. In this case he did.

We have had no specific errors in the reception of evidence in the trial in the municipal court pointed out to us by appellant, nor have we noticed any which might affect the substantial rights of the appellant. In any event, we have held that errors in ruling on the admissibility of evidence which do not injuriously affect the substantial rights of an accused are not grounds for reversal. State v. Hogan, 194 Neb. 207, 231 N. W. 2d 135 (1975).

We conclude that none of appellant's assignments of error are meritorious, and that the judgment of the District Court should be and hereby is affirmed.

AFFIRMED.

BOSLAUGH, J., not participating.