STATE OF NEBRASKA, APPELLEE, V. BERNARD L. STONE, APPELLANT.

255 N. W. 2d 57

Filed June 22, 1977. No. 41065.

Walter J. Matejka, for appellant.

Herbert M. Fitle, Gary P. Bucchino, Richard M. Jones, and James Schaefer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,

McCown, Brodkey, and White, JJ., and Kuns, Retired District Judge.

White, C. J.

The defendant was charged with operating or being in actual physical control of a motor vehicle upon a public street or highway while under the influence of intoxicating liquor or drug or while having ten hundredths of one percent or more by weight of alcohol in his blood, breath, or urine. The case was tried in the municipal court of the City of Omaha, Nebraska, on July 1, 1976. The defendant was found guilty, fined $100, assessed costs, and his driver's license suspended for a period of 6 months. An appeal was taken to the District Court. On August 10, 1976, the District Court affirmed the judgment and sentence of the municipal court and remanded the case for execution of sentence. The defendant filed a motion to vacate this order, which was overruled, and has appealed. For the reasons stated below, we reverse the judgment of the District Court and remand the case for further proceedings in accordance with this opinion.

The defendant appeared at the arraignment on appeal but received no notice of the date set for the hearing and was thus precluded from arguing the case to the District Court. Under these circumstances, the defendant contends, the District Court erred in not vacating its judgment and granting the defendant a rehearing.

Section 29-611, R. R. S. 1943, in relevant part, provides: "The defendant shall have the right of appeal from any judgment of a county or municipal court, imposing fine or imprisonment, or both, to the district court of the county * * *." Section 29-613, R. R. S. 1943, states: "The district court shall hear and determine any cause brought by appeal from a county or municipal court upon the record, and may affirm, modify, or vacate the judgment, or may re-

mand the case to the county or municipal court for a new trial.''

Misdemeanor appeals from the county or municipal court are thus triable de novo in the District Court on the record made in the lower court. State v. Clark, 194 Neb. 487, 233 N. W. 2d 898 (1975). The proposition needs no citation that this trial must be a formal trial. It must comport with the fundamentals of due process, which are adequate notice and an opportunity to be heard.

Defendant received no notice of the hearing in this case, and was thus unable to argue to the District Court. While the defendant could not contradict or dispute the record made in the lower court (Anderson v. State, 163 Neb. 826, 81 N. W. 2d 219 (1957)), he was entitled to have effective assistance of counsel and to bring to the court's attention any questions of law and any inferences and analyses of the facts and inconsistencies in the testimony which he perceived in the State's case against him.

For the foregoing reasons, the judgment of the District Court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.