STATE OF NEBRASKA, CITY OF GRAND ISLAND, APPELLEE, v. RAYMOND E. SMITH, APPELLANT.

259 N. W. 2d 16

Filed November 2, 1977. No. 41276.

Gerald B. Buechler, for appellant.

James H. Truell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The defendant was convicted in the county court on a charge of operating a motor vehicle while intoxicated. The defendant appealed to the District Court and the judgment and sentence of the county court were affirmed. Defendant appeals to this court.

The defendant assigns as error the following: (1) The District Court permitted the defense counsel and the county attorney to waive oral argument and rendered a judgment without requesting the defendant's consent; (2) the District Court rendered its decision of affirmance without the presence of the defendant; (3) the decision was contrary to the evidence and the law; and (4) the District Court entertained defendant's motion for new trial without notice to defendant and his counsel to be present for argument and without the consent of the defendant or waiver by defendant or his counsel.

On May 26, 1976, the arresting officer was on patrol in the early morning hours in the City of Grand Island, Nebraska. His attention was directed to the sound of squealing tires in the area of Koenig and Eddy Streets in Grand Island. He drove to the

scene and observed a white Mustang, Mach I, at the south edge of the intersection of Clark and Koenig Streets, facing south. The officer testified that the vehicle accelerated rapidly southbound on Clark Street and squealed its rear tires as it proceeded. The officer drove his vehicle to Clark Street. The officer pursued the vehicle and overtook it on Louise Street at the intersection of Louise and Greenwich Streets. He pulled his vehicle to the left and slightly to the rear of the defendant's vehicle and observed the defendant seated behind the wheel of his vehicle. The defendant emerged from the car; a driver's license was produced; and a preliminary breath test was taken. The results were inconclusive as the defendant appeared unwilling or unable to breathe into the device long enough to produce a reaction. The defendant was arrested, brought to the police station, and there a breath test was completed. The results were stipulated as correct for the record in the trial at the county court. The test revealed .12 percent of alcohol by weight in the blood. The defendant did not deny that he had been drinking, but his evidence sharply contradicted that of the officer. Defendant asserted at trial that he was not driving the vehicle; that he and his wife and another passenger were out of the vehicle at the time the officer approached it; and that his wife Mrs. Smith was, in fact, the driver. At the conclusion of the evidence, the county judge found the defendant guilty as charged. Section 20-88.3 of the municipal code of Grand Island, Nebraska, provides, in substance, that it shall be unlawful for a person to operate or be in the actual physical control of a motor vehicle while under the influence of alcoholic liquor or to unlawfully operate or be in the actual physical control of a motor vehicle while having ten hundredths of one percent or more by weight of alcohol in his blood.

We will consider the assigned errors in their time sequence in the District Court rather than in the nu-

merical order as defendant assigns them. Section 29-613, R. R. S. 1943, states: "The district court shall hear and determine any cause brought by appeal from a county or municipal court upon the record, and may affirm, modify, or vacate the judgment, or may remand the case to the county or municipal court for new trial." The review of criminal cases in the District Court is limited to an examination of the record presented for error or abuse of discretion. To the extent that any statement in the opinion of State v. Stone, 198 Neb. 721, 255 N. W. 2d 57, suggests a different standard of review from that stated herein, such statement is incorrect and is overruled. It is obvious that the defendant had a percent of alcohol in his bloodstream over the permissible limit permitted by the ordinance and that a factual dispute existed as to whether or not he was the operator of the motor vehicle. The county court resolved the issue against the defendant and the District Court agreed. In State v. Bartlett, 194 Neb. 502, 233 N. W. 2d 904, we said: "In determining the sufficiency of evidence to sustain a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the jury". Here, where there was no jury, the trial judge became the trier of fact. Elm Creek State Bank v. Johnson, 195 Neb. 131, 236 N. W. 2d 838. It is obvious that there is no abuse of discretion or error. See State v. Clark, 194 Neb. 487, 233 N. W. 2d 898.

The defendant also asserts that the trial court erred in permitting defense counsel to waive oral argument without the consent of the defendant and in not notifying defendant so that he would have an opportunity to be present at the time of the submission and decision in the District Court. "The personal presence of the accused, from the beginning to

the end of a trial for felony, involving life or liberty, as well as at the time final judgment is rendered against him, may be, and must be assumed to be, vital to the proper conduct of his defense and cannot be dispensed with. * * *. ' * * * such deprivation (of personal presence) would be without that due process of law required by the Constitution.' * * * But neither reason nor public policy require that he should be personally present pending proceedings in an appellate court whose only function is to determine whether, in the transcript submitted to them, there appears any error of law to the prejudice of the accused; especially, where, as in this case, he had counsel to represent him in the court of review. * * * his presence is not essential to its jurisdiction to proceed with the case. * * * (This rule) is not only consistent 'with due process of law' - giving these words their most liberal interpretation - but is founded on wise public policy." Schwab v. Berggren, 143 U. S. 442, 12 S. Ct. 525, 36 L. Ed. 218. Due process would not require greater safeguards here where a misdemeanor is involved. The defendant had no personal right to be present in the District Court on an appeal proceeding and no obligation existed on the part of the District Court to advise him of the date of submission and of decision.

The more serious question addresses itself, however, to whether or not counsel had the right to waive oral argument. We find no Nebraska case dealing with a waiver by counsel of oral argument in an appellate court; however, in Wilwording v. Swenson, 439 F. 2d 1331, the Court of Appeals of the Eighth Circuit considered the matter. The Missouri Supreme Court allowed counsel, after filing a brief on appeal, to waive oral argument. The defendant filed an action in habeas corpus alleging denial of a federally protected right of counsel in criminal proceedings. The United States District Court held there was no violation of any federally protected

rights stated by these facts. Wilwording v. Swenson, 331 F. Supp. 1188 (W. D. Mo., 1969). The court of appeals affirmed. Wilwording v. Swenson, 439 F. 2d 1331.

Oral argument may be desirable but it is not indispensable. Price v. Johnston, 334 U. S. 266, 68 S. Ct. 1049, 92 L. Ed. 1356; nor is it an essential ingredient of due process. The determination of counsel to waive oral argument in an appellate proceeding, where there is no new evidence introduced and the review confined to the record, must be and is necessarily a tactical decision of trial counsel. The consent of the accused to waive oral argument is not an essential element of any due process rights guaranteed under the Nebraska or federal Constitution. Inherent to the appeal process is the right to be heard. Oral argument is not an essential element of this right to be heard. In reviewing Article I, section 24, Constitution of Nebraska, which grants the right to be heard in all civil cases, this court said: "So long as the mode provided for review is adequate, the requirements of the fundamental laws are satisfied. The constitutional provision * * * does not prohibit this court from prescribing such reasonable rules and regulations as are deemed essential to the prompt and orderly disposition of causes brought here by appeal or on error, nor does it forbid the denial of an oral argument in the cause." Schmidt v. Boyle, 54 Neb. 387, 74 N. W. 964. It is obvious the same standard applies in review of criminal cases. Defendant was afforded his right of review; the record was before the District Court and there is no evidence that defendant's counsel was denied the right to file a brief.

The last assignment of error deals with the alleged failure of the trial court to give notice to the defendant or to his counsel of the submission of the motion for new trial and the determination thereof. The only reference to said alleged denial or failure to notice

counsel or to give counsel or defendant an opportunity to appear at the motion for new trial is in the notice of appeal. The same is not in the form of an affidavit and there is nothing in the bill of exceptions or in the record to indicate whether the trial court did or did not give notice by ruling or otherwise of its consideration of the motion for new trial. This court therefore has nothing before it on which to consider this issue or to indicate that the trial court improperly set the motion for new trial without notice. This is not sufficient.

The judgment of the trial court is presumed to be correct and unless this court is directed to a record which suggests that error was committed, error will not be presumed. Rights of parties are determined by the appellate court solely on the record made by the tribunal whose action is being reviewed, and no new facts or evidence can enter into consideration of the court. Moser v. Turner, 180 Neb. 635, 144 N. W. 2d 192.

The judgment of the District Court is affirmed.

AFFIRMED.