MARY P. NICHOLSON, APPELLANT, V. TERRY BRADDOCK ET AL., APPELLEES.

270 N. W. 2d 314

Filed October 11, 1978. No. 41626.

Seb Caporale, for appellant.

Pilcher, Howard & Dustin, for appellees.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

CLINTON, J.

This is an action for personal injuries allegedly received by the plaintiff in a collision of two automobiles and claimed to have been caused by the negligence of the defendants. The defendants answered, denying generally and alleging in accord and satisfaction. The plaintiff replied by way of general denial. The defendants moved for summary judgment which was granted. The plaintiff appeals to this court and here admits execution by her of a release of all claims for personal injuries received in the accident and argues that the release is void because of mutual mistake and insufficiency of consideration.

The defect in the plaintiff's position is that she neither pleaded any defense to, nor offered any proof in avoidance of, the release. The entire bill of exceptions consists of the release executed by the plaintiff, the draft in payment of the consideration which had been endorsed by her, and accident reports which do not include her among the persons reported to have been injured in the accident. No objection appears to have been made to this evidence.

The following principles govern this case and require affirmance. One who seeks to avoid the legal effect of a release of a cause of action for personal injuries has the burden of pleading and proving the facts which entitle him to such relief. Schroeder v. Ely, 161 Neb. 252, 73 N. W. 2d 165; Blaha v. Chicago & N. W. Ry. Co., 119 Neb. 611, 230 N. W. 453; Perry v. Omaha Electric Light & Power Co., 99 Neb. 730, 157 N. W. 921. Purported evidence which does not appear in the bill of exceptions cannot be considered by the Supreme Court on appeal. Insurance Co. of North America v. Hawkins, 197 Neb. 126, 246 N. W. 2d 878; Timmerman v. Hertz, 195 Neb. 237, 238 N. W.

2d 220; Elm Creek State Bank v. Johnson, 195 Neb. 131, 236 N. W. 2d 838.

AFFIRMED.