STATE OF NEBRASKA, APPELLEE, V. ROBERT CRISPELL, APPELLANT.

272 N. W. 2d 51

Filed November 29, 1978. No. 42030.

T. Clement Gaughan, Lancaster County Public Defender, and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

In this case, the State of Nebraska charged that

Robert Crispell, the defendant and appellant, committed the crime of burglary in Lancaster County, Nebraska, on October 23, 1976. Appellant pleaded not guilty, waived trial by jury, and was found guilty as charged by the court. He appeals from the judgment of conviction. We affirm the judgment.

The only question raised by the appeal is whether the evidence was sufficient to support the findings of the court, particularly as to the finding of a breaking by appellant. The record shows that appellant did take some golf clubs and two .410 gauge shotguns from a garage at the date and place charged. The complainant testified that he had put property in the garage during the latter part of September or the first week of October 1976, that there were no holes in the wall at that time, and that he had then locked the garage doors. Appellant's companion testified that appellant handed the golf clubs to him through a hole in the wall and later emerged through the hole; the hole was about 12 to 18 inches high and 2 feet long, located about 6 feet 6 inches above the floor. Another witness said that she had heard shuffling sounds and perhaps the sound of boards breaking. The witness who bought the stolen property from appellant testified that appellant had told him that he was involved in "the breaking of this garage." The appellant testified that during the past year he had observed the hole in the wall a couple of dozen times while he was working in the garage space from which the entry was made; he further stated that he had no recollection of entering the garage or taking the property. Upon this evidence, the trial court found that the charge had been established.

A breaking is an essential element of the crime of burglary; mere entry through an existing opening is not a breaking. McGrath v. State, 25 Neb. 780, 41 N. W. 780. No particular amount of force in breaking is necessary and any exercise of physical force to ef-

fect an entry, however slight, is sufficient to amount to a breaking. Metz v. State, 46 Neb. 547, 65 N. W. 190; Young v. State, 133 Neb. 644, 276 N. W. 387. The trial court was obliged to determine the credibility of witnesses, weigh the evidence, and resolve conflicts. It did so. Its findings will be upheld, if there is sufficient, competent evidence to support them. State v. Smith, 199 Neb. 368, 259 N. W. 2d 16; State v. Tiff, 199 Neb. 519, 260 N. W. 2d 296. The only conflict in the testimony relating to the existence of the hole in the wall was raised by the appellant; this statement was weakened by appellant's own reference to the breaking. The competent evidence is sufficient to support the court's findings.

No error having been shown, the judgment of the trial court is affirmed.

AFFIRMED.