343 N.W.2d 388 (1984)
In the Matter of the ESTATE OF Harold E. LAIBLE, Deceased.
MINER COUNTY BANK, Claimant-Appellee,
v.
Kathleen M. LAIBLE, Administratrix-Appellant.
No. 14119.
Supreme Court of South Dakota.
Considered on Briefs November 28, 1983.
Decided January 25, 1984.
Doyle Sage of Sage & Sage, Howard, for claimant-appellee.
Jerome B. Lammers of Lammers, Lammers, Kleibacker & Casey, Madison, for administratrix-appellant.
MILLER, Circuit Judge.
Appellant as Administratrix of her husband's estate seeks to set aside a judgment entered by the trial court awarding appellee bank recovery under a promissory note executed by the decedent. We affirm.
Decedent, a Miner County farmer, had always done his banking business at the *389 Miner County Bank (the bank). On April 13, 1981, he signed a note to the bank renewing two prior notes. This note was in the principal amount of $19,850.00, bearing 18% interest.
The note, on its face, contained a small box relating to credit life insurance. It provides:
Credit Life Insurance is voluntary and not required for credit
I [ ] DO [ ] DO NOT desire Credit Life
Insurance at a cost of $ _________ for
the term of the loan.
SIGNED _______________________________
DATE _________________ 19___
This section of the note was not completed by either the decedent or the bank officers making the loan.
Although the bank has an insurance agency in the same building, whose majority stockholders are the majority stockholders of the bank, it is the policy of the bank that it is not in the insurance business and credit life is never offered. In fact, of the approximately 8,540 notes taken by it since January 1, 1974, none of the loan customers were offered credit life insurance.
The bank holds itself out as a "full-service bank" and advertises accordingly; however, it has never advertised nor held itself out as being in the insurance business or that it sells credit life insurance.
Appellant raises two issues contending that the trial court erred in granting judgment for the bank. She first argues that the bank was negligent in failing to disclose that credit life insurance was available for purchase. She further asserts that the bank was guilty of professional malpractice in failing to disclose or discuss the matter of credit life insurance with decedent.
It is "black letter law," not requiring citation, that actionable negligence requires a legal duty.
There are no South Dakota statutes, regulations or case authority imposing a duty upon a bank to offer credit life insurance to its customers. We are not willing, as suggested by appellant, to attach or extend the same strict liability to banks to create such a duty that the court imposed upon the manufacturers of products. See Engberg v. Ford Motor Co., 87 S.D. 196, 205 N.W.2d 104 (1973). Therefore, appellant may not prevail on that issue.
Plaintiff next argues that the informed consent/informed refusal doctrine from legal and medical malpractice litigation should logically extend to the banking industry so as to require banks to inform and advise its loan customers of the availability of credit life insurance. Canterbury v. Spence, 464 F.2d 772 (D.C.Cir.1972); Cunningham v. Yankton Clinic, P.A., 262 N.W.2d 508 (S.D.1978).
We are not willing to so extend the informed consent doctrine, nor have we been cited to other jurisdictions that have done so.
The judgment is affirmed.
WOLLMAN, DUNN, and MORGAN, JJ., concur.
HENDERSON, J., concurs specially.
MILLER, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.
HENDERSON, Justice (specially concurring).

MALPRACTICE
There are varying degrees of care known in the law of human relationships. Obviously, a professional man owes a higher standard of care than a layman. In determining the different degrees of care owed to a fellow human being, we must always ascertain the relationship of the parties to one another. Higher degrees of care exist in the professions to the lay people because of responsibility and education. When an individual is accused of malpractice, the threshold question must be: Is this individual a professional man under the law? And the second question must be: What is the degree of care owed?
*390 I could not attach a theory of malpractice, which is a form of negligence, to a banker because a banker is not a professional man. True, he might have attended college but a specified degree is not necessary for him to engage in banking. Banking is in the field of commerce. A banker is a businessman. Banking practices, in South Dakota, are governed by a banking commission. Application of Southern Hills Bank of Edgemont, 339 N.W.2d 310 (S.D.1983). Banking operations and conduct are structured under the Division of Banking and Finance, South Dakota Department of Commerce. SDCL 1-35-3 and SDCL 51-15-1(6). The word "profession" is generally applied to the professions of theology, law, and medicine and persons engaged therein. 34 Words and Phrases 380 (perm. ed. 1957). Therefore, a theory sounding in malpractice against a banker is without foundation.

NEGLIGENCE
Banks and their officers, of course, may be sued for their negligent acts. See Dykstra v. Nat'l Bank of S.D., 328 N.W.2d 862 (S.D.1983). This bank was not negligent in failing to impose credit life insurance on decedent or failing to inform him further that credit life insurance was available. If decedent wanted credit life insurance, that was his free choice; for, indeed, the little box was on the note and he was a successful farmer who could read, write, and understand the English language. For a related case concerning a credit life provision also on a promissory note, see In re Estate of Johnson, 195 Neb. 131, 236 N.W.2d 838 (1975), holding essentially that even if the box was checked reflecting the borrower did desire credit life insurance, it still did not bar the bank from recovering from the estate on a promissory note, for it is the responsibility of the borrower to get insurance, and the bank's liability for negligence arises only when it can be shown that the bank specifically agreed and failed to obtain insurance upon request of the borrower. See also, Wesson v. Jefferson Sav. & Loan Ass'n, 641 S.W.2d 903 (Tex.1982), for holding that a creditor (bank) cannot be held liable for failure to procure an insurance policy unless it has agreed to assume the duty of acquiring insurance.
Under the Federal Consumer Credit Protection Act, 15 U.S.C.A. §§ 1601-1667 (West 1982), creditors are required to disclose to the consumer as part of the finance charge the cost of credit, unless the insurance coverage is not a condition for approval of the loan. There is no duty imposed by the Act to require banks to offer credit life. The credit life provision within the Act has, as its purpose, to mandate a disclosure of the premium charged if the insurance is a prerequisite to obtaining the loan. Jones v. Fitch, 665 F.2d 586 (5th Cir.1982). Here, it is evident that the Miner County Bank did not offer credit life insurance as a part of its credit transactions or condition a loan approval upon any customer obtaining credit life.
One cannot escape the words of the note: "Credit Life Insurance is voluntary and not required for credit." The rights and duties as between the parties were fastened to the contract between them.