RANDALL S. ROY, APPELLANT, V. AL MORFORD, ALSO KNOWN AS A. J. MORFORD AND MORFORD CO., APPELLEE.

346 N.W.2d 392

Filed March 23, 1984. No. 83-190.

David J. Cullan of Cullan, Cullan & Morrison, for appellant.

A. J. Whalen, for appellee.

WHITE, CAPORALE, and SHANAHAN, JJ., and BLUE, D.J., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Plaintiff, Randall S. Roy, appeals the entry of a summary judgment in favor of defendant, Al Morford, also known as A. J. Morford and Morford Co., in a suit for personal injuries from a fall on the outside stairs of an apartment building in Omaha, Nebraska, owned by Vincent N. and Kathryn E. Spillane, Arvada, Colorado. Defendant was a licensed Nebraska real estate broker, living in Omaha, who managed the property.

In consideration of $32,500 plaintiff granted the Spillanes a covenant not to sue (release), with reservations.

Defendant claims that he was the Spillanes' agent and that the release discharged him from liability, relying on *Ericksen v. Pearson*, 211 Neb. 466, 475-76, 319 N.W.2d 76, 81 (1982): " '[A] valid release of one of the parties to the . . . principal-agent relationship releases the other.' " Plaintiff argues that *Ericksen* is not applicable, since defendant was an independent contractor.

The original petition named the Spillanes as the sole defendants. Morford was then made a third-party defendant. Plaintiff filed a second amended petition against Morford as the sole defendant, which included this allegation: "[T]he Defendant, Al Morford, entered into an oral management agreement concerning the property at 4901 Military Avenue . . . whereby the Defendant . . . agreed, in part, to perform certain duties related to renting said property, collecting rents, maintaining and repairing said property to keep the premises in a state of good repair . . . ." The release was executed, and the Spillanes were then dismissed as parties, without prejudice. Without answering the second amended petition, defendant filed his motion for summary judgment.

The evidence shows that Mr. Spillane and defendant made an oral agreement for defendant to "manage" the apartment house; the terms were not

clearly defined. Morford testified that his duties were to secure tenants, collect rentals on commission, hire workmen to make repairs to broken and nonoperating windows, doors, plumbing, utilities, and appliances. He further testified that he made no regular inspections and that some repairs and improvements were submitted to Spillane for approval. Spillane testified that Morford "was going to handle the property for me and rent the property if it came up vacant and handle any repairs that came up that had to be taken care of immediately; also, any major repairs, he would let me know and he would take care of it."

Generally, Morford supervised the repairs, redecoration, and improvements of the building without prior approval from Spillane; all labor was hired; the expense was deducted from rents as received. No outside repairs were made, although branches and other debris were removed on occasion. Spillane paid the insurance, taxes, and some utilities directly. There was no evidence as to the condition, known or unknown, of the handrail and whether or not it was a "major" repair.

The moving party is not entitled to summary judgment except where there exists no genuine issue as to any material fact, the ultimate inferences to be drawn therefrom are clear, and where, under the facts, he is entitled to judgment as a matter of law. Upon a motion for summary judgment the court examines the evidence not to decide any issue of fact but to discover if any real issue of fact exists. *Stolte v. Blackstone*, 213 Neb. 113, 328 N.W.2d 462 (1982); *Bank of Valley v. Shunk*, 208 Neb. 200, 302 N.W.2d 711 (1981).

Plaintiff claims it was error (1) to grant summary judgment where there were genuine issues of material fact, and (2) for the trial court to make findings of fact that Morford was an agent and that the release in favor of the Spillanes released Morford.

Before discussing the claimed errors, two plead-

ing problems are apparent in the record. First, while Neb. Rev. Stat. § 25-1331 (Reissue 1979) allows a defendant to proceed in summary judgment prior to answer, the unsupported motion states only that there are no genuine issues of material fact. The motion provided no notice of his later claimed defense of the release. *De Costa Sporting Goods, Inc. v. Kirkland*, 210 Neb. 815, 316 N.W.2d 772 (1982). See, also, *Nicholson v. Braddock*, 201 Neb. 531, 270 N.W.2d 314 (1978). Second, it is not clear from the petition whether plaintiff alleged facts that Morford was an independent contractor. In any event, those pleadings were not tested, and, from the record, it is apparent that the court and the parties considered those issues as submitted.

"In determining whether an individual is a servant as distinguished from an independent contractor, the basic test is whether or not his physical conduct in the performance of the service is controlled or subject to the right of control." *Meyer v. State Farm Mut. Auto. Ins. Co.*, 192 Neb. 831, 837, 224 N.W.2d 770, 774 (1975). " 'The contract under which service is performed and the performance thereunder determine the relationship between the contracting parties.' " *Id.* at 837, 224 N.W.2d at 774. "A person may be both an independent contractor and an agent for another." 41 Am. Jur. 2d *Independent Contractors* § 2 at 741 (1968). See, also, Restatement (Second) of Agency § 14 N., Comment *a.* (1958).

There were genuine issues of material fact and reasonable inferences thereof concerning whether or not Morford was an agent of the Spillanes or an independent contractor as to the maintenance and repair of the outside of the building, including the handrail. There is no evidence concerning the condition of the handrail, and whether it was a "major" repair. It was error to make findings of fact that Morford was

an agent and that the release given to the Spillanes released Morford.

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS.