ALAN GATZEMEYER, APPELLANT, V. NELIGH TOWNSHIP AND ROBERT MULLER, APPELLEES.

445 N.W.2d 593

Filed September 15, 1989.   No. 87-881.

N. Richard Willia and Theodore E. Karpuk, of Margolin, Gildemeister, Willia, Mugan & Keane, for appellant.

C.J. Gatz, of Jewell, Gatz, Collins, Dreier, Fitzgerald & Balsiger, for appellees.

BOSLAUGH, CAPORALE, and GRANT, JJ., and SPRAGUE and MULLEN, D. JJ.

MULLEN, D.J.

The plaintiff, Alan Gatzemeyer, appeals from the trial court's granting of summary judgment in favor of the defendants, Neligh Township and Robert Muller. As a matter of law, the trial court found Gatzemeyer was negligent and the defendants were not negligent. Gatzemeyer claims the court erred in finding (1) he was negligent as a matter of law; (2) his negligence was a bar to recovery as a matter of law; and (3) the defendants were not negligent as a matter of law. We reverse and remand for further proceedings.

For the purposes of the summary judgment hearing, the trial court received 11 exhibits into evidence. The exhibits included the pleadings and the depositions of the parties.

Gatzemeyer stated in his deposition that on October 2, 1985, at approximately 5:30 p.m., he drove his motorcycle west on

the township road between his house and a pasture to feed cattle. The road was roughly 22 feet wide. Gatzemeyer was driving the motorcycle on the right-hand side tire track on the north side of the westbound lane. Upon cresting a hill, Gatzemeyer saw a road maintainer, owned by the defendant Neligh Township and operated by the defendant Robert Muller, traveling east in the westbound lane. At that time the maintainer was 40 to 50 feet in front of Gatzemeyer. Muller stated in his deposition that he first saw the motorcycle when it was 25 feet away. At that time Gatzemeyer estimated his speed at approximately 40 miles per hour; the maintainer's speed was approximately 5 miles per hour. In his deposition, the plaintiff stated he had seen the maintainer working on the road several times in the past, but he had never seen it when it was moving against traffic.

The maintainer was a "Caterpillar 140 G," approximately $13\frac{1}{2}$ feet high, with an attached 16-foot blade. According to Muller, the revolving yellow beacon light on the top of the maintainer was operating at the time, although Gatzemeyer stated in his deposition he did not see the light. The edge of the blade was approximately 2 feet from the north edge of the road and angled so that it extended another 12 feet into the road. There were no warning signs or devices in place to warn oncoming traffic of the maintainer's operation. According to Muller, the only notice oncoming traffic would have of his presence was the windrow in the middle of the road.

To pass to the left, Gatzemeyer would have had to swerve 8 to 10 feet to the left and jump the windrow, which was 10 inches high and 12 to 16 inches wide. In a statement attached to the plaintiff's response to defendants' request for production of documents, Muller stated, "Mr. Gatzemeyer had no choice but to drive into the ditch as he could not have avoided the maintainer blade had he attempted to swerve to the left into the other lane of travel . . . ."

Gatzemeyer passed the maintainer on the right, between the blade and the edge of the road; however, he entered the ditch shortly after passing the blade. Although he avoided hitting the maintainer, Gatzemeyer collided with a haystack in the ditch and was allegedly injured.

Gatzemeyer claimed the defendants were negligent in (1) operating the maintainer eastbound in the westbound lane of traffic; (2) failing to warn oncoming traffic of the presence of the maintainer in that lane of traffic; (3) failing to exercise ordinary, reasonable, or due care commensurate with the danger reasonably to be anticipated under the existing circumstances; (4) operating a vehicle on a highway at a greater width than allowed by Neb. Rev. Stat. § 39-6,177 (Reissue 1988); (5) operating the maintainer in a careless, reckless, or willfully reckless manner, in violation of Neb. Rev. Stat. §§ 39-669, 39-669.01, and 39-669.03 (Reissue 1988); and (6) failing to place flags or emergency reflectors in a position that would forewarn others of a dangerous situation, in violation of Neb. Rev. Stat. § 39-6,164 (Reissue 1984).

The defendants denied they were negligent and claimed Gatzemeyer's negligence was the cause of the accident. The specific claims of negligence against Gatzemeyer included failure to (1) maintain a proper lookout, (2) maintain proper control, (3) operate the motorcycle in a manner that would enable him to stop within his range of vision, (4) operate his vehicle at a proper rate of speed under the existing conditions, and (5) stop or turn aside prior to the collision. The defendants further claimed such negligence was more than slight when compared with any negligence on the part of defendants.

The defendants moved for summary judgment. The trial judge found (1) the defendants were maintaining the township road at the time of the accident; (2) it was not shown the road was being maintained in a negligent manner; and (3) Gatzemeyer was negligent as a matter of law because he was operating his motorcycle at such a rate of speed that he could not safely stop or turn aside in time to avoid an obstruction within his range of vision.

Defendants contend they were not negligent, as a matter of law, based upon Neb. Rev. Stat. § 39-606 (Reissue 1984), which stated:

Unless specifically made applicable, the provisions of sections 39-601 to 39-6,122 [Nebraska's rules of the road], except those provisions relative to careless driving and to reckless driving, shall not apply to:

(1) Persons, teams of draft horses, motor vehicles, and other equipment while actually engaged in work upon the surface of a highway but shall apply to such persons and vehicles when traveling to or from such work . . . .

The record is clear that Muller was engaged in "work upon the surface of a highway." Therefore, he was not obligated to follow the statutory rules of the road. However, such fact did not absolve him from obeying the fundamental premise that an operator of a vehicle is under a continuing duty to exercise reasonable care for the safety of others. *Chmelka v. Continental Western Ins. Co.*, 218 Neb. 186, 352 N.W.2d 613 (1984).

The defendant Muller operated the road maintainer on a steep hill against the flow of traffic without any warning to oncoming traffic. Whether he exercised reasonable care for the safety of others in doing so is a question for the trier of fact. If there were reasonable alternatives to achieve the result sought or if a warning signal would have been feasible, the defendants could be held liable for not exercising reasonable care in the performance of their duties. There remains a question of fact as to any negligence on the part of the defendants.

Defendants argue Gatzemeyer was negligent as a matter of law in driving his vehicle at such a speed that he was unable to stop or turn aside in time to avoid the maintainer, which was discernible within his range of vision.

Under Nebraska law, it is generally negligence as a matter of law to operate a motor vehicle on a public street or highway in such a manner that the vehicle cannot stop or turn aside without colliding with an object or obstruction on the street or highway within the operator's range of vision. *Converse v. Morse*, 232 Neb. 925, 442 N.W.2d 872 (1989); *Prime Inc. v. Younglove Constr. Co.*, 227 Neb. 423, 418 N.W.2d 539 (1988). This rule, however, is not applicable where reasonable minds might differ as to whether the motorist was exercising due care under the circumstances. *Fink v. Meister*, 188 Neb. 248, 196 N.W.2d 122 (1972).

A motion for summary judgment shall be granted if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law. Summary judgment is an extreme remedy to be awarded only when the issue is clear beyond all doubt. *Sherbeck v. Schaper*, 232 Neb. 754, 442 N.W.2d 364 (1989).

In reviewing a summary judgment, this court takes the view of the evidence most favorable to the party against whom the motion is directed and gives that party the benefit of all favorable inferences drawn from the evidence. *Sherbeck v. Schaper, supra*.

In considering a motion for summary judgment, the court examines the evidence to determine if any issue of material fact exists, not to decide how a particular issue of fact should be resolved. *Allan v. Massey-Ferguson, Inc.*, 221 Neb. 528, 378 N.W.2d 664 (1985); *Roy v. Morford*, 216 Neb. 818, 346 N.W.2d 392 (1984).

We cannot say reasonable minds could draw only one conclusion from the facts of this case. The general rule is not applicable here, and the determination of any negligence on the part of Gatzemeyer is a factual question to be answered by a trier of fact.

Therefore, it was error for the court to grant summary judgment when there remain questions of fact as to the negligence of the parties involved in the matter.

Since the cause is remanded on other grounds, discussion of the plaintiff's second assignment of error is moot.

As questions of material fact exist concerning the negligence of the various parties, the trial court's grant of summary judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.