STATE FARM FIRE & CASUALTY COMPANY, A CORPORATION, APPELLEE, V. GREGORY E. VICTOR, APPELLEE, RAY E. SMITH, PERSONAL REPRESENTATIVE OF THE ESTATE OF DARRYL SMITH, DECEASED, APPELLANT.

442 N.W.2d 880

Filed July 21, 1989.   No. 87-1117.

Debra R. Nickels and E. Terry Sibbernsen, of Welsh & Sibbernsen, for appellant.

James L. Quinlan, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee State Farm.

BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

FAHRNBRUCH, J.

This appeal challenges a summary judgment ruling that a homeowner's policy issued by State Farm Fire & Casualty Company (State Farm) excludes payment of damages arising from the shooting death of Darryl Smith by the policy's insured.

Smith was shot in the head with a .357 Magnum pistol fired by State Farm's insured, Gregory E. Victor. At the time he was shot, Smith was standing in the doorway of his father's home.

We affirm the trial court's judgment because under State Farm's homeowner's policy, coverage is excluded where, as here, an injury is expected or intended by the insured.

State Farm brought this declaratory action in the Sarpy County District Court to determine if it was liable under its policy. Ray E. Smith, Darryl's father and personal representative of his estate, was designated as a defendant along with Victor.

Summary judgment is an extreme remedy and should be awarded only when an issue is clear beyond all doubt. A summary judgment is properly granted when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or the ultimate inferences deducible from such fact or facts and that the moving party is entitled to judgment as a matter of law. In reviewing an order granting a summary judgment, this court must take the view of the evidence most favorable to the party against whom it operates and give that party the benefit of all favorable inferences which may be drawn from the evidence. *Meylan v. Mutual Benefit Life Ins. Co., ante* p. 565, 441 N.W.2d 598 (1989); *Carnes v. Schram, ante* p. 282, 440 N.W.2d 451 (1989).

On February 15, 1986, Victor hosted a birthday party for his neighbor. As the party broke up, around 2 or 2:30 a.m., several female guests complained that money had been taken from

their purses. A number of the remaining guests believed that Darryl Smith had taken the money.

Several men, including Victor, decided to visit the Smith home to ask Darryl Smith about the missing money. Victor took with him a .357 Magnum pistol and a .22-caliber pistol. Both guns were loaded.

Victor went to the front door of the Smith home, taking the .22 pistol with him. Ray Smith answered the door, carrying a loaded shotgun. Victor grabbed the shotgun and, in the ensuing struggle, the elder Smith managed to discharge the shotgun once into the air before abandoning the gun and retreating into his home. Victor threw the shotgun into the yard, walked down the driveway, and fired his .22 until it was empty into a car he believed was Darryl Smith's.

Before Victor reached his own car, he heard a shot, turned back to the house, and saw a person silhouetted in the doorway. Victor, walking rapidly to his car, retrieved his .357 Magnum pistol and shot toward the doorway of the Smith home. This shot struck Darryl Smith in the head. The victim died.

On July 24, 1986, Victor was convicted by a jury of manslaughter and use of a firearm in the commission of a felony. No appeal was taken from those convictions.

On September 18, 1986, Ray Smith, as personal representative of the estate of Darryl Smith, filed a wrongful death action against Victor. The petition alleged Darryl Smith's death was caused by Victor's negligence and assault and battery. Victor referred the suit to State Farm pursuant to his homeowner's insurance policy. The policy, in effect at the time of the shooting, provides: "SECTION II - EXCLUSIONS 1. Coverage L . . . [does] not apply to: a. bodily injury or property damage which is expected or intended by an insured."

State Farm has provided Victor a defense to the wrongful death action under a reservation of rights agreement in which the insurance company reserved the right to deny coverage.

In the declaratory judgment action, State Farm filed a motion for summary judgment. The trial court found that Victor intentionally fired his gun at Darryl Smith, causing Smith's death. Summary judgment was entered in favor of State Farm.

After the filing of this appeal, Ray Smith, as personal representative, and Victor entered into a stipulation agreeing that judgment in the underlying wrongful death action be entered against Victor in the amount of $75,000 on the negligence allegation. The cause of action alleging assault and battery was dismissed. Smith agreed not to attempt collection of the judgment until after resolution of this appeal.

The only issue for this court's consideration is whether the injury leading to Darryl Smith's death was expected or intended by Victor. This issue requires interpretation of the insurance contract provision excluding from coverage "bodily injury or property damage which is expected or intended by an insured." Nearly identical provisions were interpreted in *State Farm Fire & Cas. Co. v. Muth*, 190 Neb. 248, 207 N.W.2d 364 (1973), and in *Jones v. Norval*, 203 Neb. 549, 279 N.W.2d 388 (1979).

In *Muth*, a young boy fired a BB gun from a moving automobile, striking another young boy in an eye and causing the loss of sight in that eye. Muth testified that he pointed the gun at the boy's feet without taking careful aim and that his intention was to scare somebody. This court held that "an injury is either expected or intended if the insured acted with the specific intent to cause harm to a third party." *Muth, supra* at 252, 207 N.W.2d at 366.

The *Muth* rule was discussed and broadened in *Jones, supra*. In that case, Norval was knocked unconscious and his jaw broken when Jones hit him in the face. Jones admitted that he intended to hit Norval, but said he did not intend to cause serious injury.

This court found that the injury was not covered by Jones' homeowner's insurance policy, which excluded " 'bodily injury or property damage which is either expected or intended from the standpoint of the Insured.' " *Jones, supra* at 551, 279 N.W.2d at 390. *Jones* stands for the proposition that "an injury is 'expected or intended' from the standpoint of the insured if a reason for an insured's act is to inflict bodily injury *or if the character of the act is such that an intention to inflict an injury can be inferred as a matter of law.*" (Emphasis supplied.) *Jones, supra* at 554, 279 N.W.2d at 391.

This court reasoned:

To hold that under such circumstances the testimony of the insured that he did not intend to injure the plaintiff is sufficient to permit the fact finder to find that no harm to the injured party was intended, simply ignores reality. Any reasonable analysis requires the conclusion that from the very nature of the act harm must have been intended.

Although Norval may not have intended the specific injury which resulted, such specific subjective intent is not required to exclude coverage under the policy. The "intent" which is necessary to exclude coverage is not the intent to act nor the intent to cause the specific injury. Instead it is the intent to cause bodily injury to the person acted upon and it makes no difference if the actual injury is more severe or of a different nature than the injury intended.

Where an 18-year-old man intentionally hits another person in the face with his fist, with force enough to knock the person unconscious, an intent to cause bodily injury can be inferred as a matter of law, and the subjective intent of the actor is immaterial. From the very nature of the act, no reasonable man could doubt that harm to the person struck must have been intended.

*Jones, supra* at 554-55, 279 N.W.2d at 391-92.

Victor admitted under oath that he shot his pistol at the doorway, knowing there was a person standing in the doorway. He knew that the weapon he used, a .357 Magnum pistol, is a powerful weapon capable of causing serious damage. Victor's testimony reflects that at the time he fired the fatal shot, he believed that the person standing in the doorway was Darryl Smith.

From Victor's actions, it can only be concluded that as a matter of law Victor expected or intended to injure Darryl Smith. Victor's liability to Smith's estate is not covered by Victor's homeowner's insurance policy with State Farm.

There being no genuine issue concerning any material fact, the trial court was correct in applying the law and in entering summary judgment in favor of State Farm.

AFFIRMED.

HASTINGS, C.J., participating on briefs.