STATE FARM FIRE AND CASUALTY COMPANY, APPELLEE, v. H. JUDSON VAN GORDER, JR., INDIVIDUALLY AND IN HIS CAPACITY AS EXECUTIVE PRESBYTER, APPELLANT, JOHN DOE, A MINOR, BY AND THROUGH HIS NEXT FRIEND, PATRICK RISKOWSKI, ET AL., APPELLEES.

455 N.W.2d 543

Filed May 18, 1990.    No. 88-560.

Scott E. Sidwell, of Sidwell & Shofstall, for appellant.

Patrick W. Healey, of Healey, Wieland, Kluender, Atwood, Jacobs & Geier, for appellee State Farm.

Roger R. Holthaus for appellee John Doe.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

H. Judson van Gorder, Jr., appeals a summary judgment declaring that his sexually abusive acts upon a young male, John Doe, were intended and therefore not covered by van Gorder's homeowner's insurance policy which was issued by State Farm Fire and Casualty Company (State Farm).

We affirm the finding of the district court for Buffalo County that State Farm is not required to defend van Gorder in any civil case or to pay any judgment that might be entered on account of his abusive sexual acts with John Doe.

In a criminal action, appellant, who during the time period when the sexual acts with John Doe occurred was an ordained minister, was convicted by a Buffalo County jury and thereafter was imprisoned for first degree sexual assault on John Doe. Following appellant's conviction, his victim, John Doe, filed a civil suit against van Gorder in the U.S. District Court for the District of Nebraska, seeking damages for appellant's sexual assaults.

Thereafter, State Farm petitioned the district court for Buffalo County for a declaratory judgment on the applicability of an exclusionary clause in a homeowner's insurance policy it had issued to van Gorder. State Farm sought a declaration that it had no obligation to defend any civil suit nor to pay any judgment that might arise from appellant's sexual acts with John Doe. Both State Farm and van Gorder filed motions for summary judgment.

After a hearing, the district court sustained State Farm's motion for summary judgment, concluding that

> there is no genuine issue of fact. The insured intended to assault or commit a battery upon this claimant [John Doe] and did commit an assault or battery upon this claimant.

The bodily injury (the battery) was intended by Defendant VanGorder [sic] and the policy does not cover this act nor its consequences.

The district court overruled van Gorder's motion for a new trial.

On appeal, appellant contends the district court erred in (1) granting State Farm's motion for summary judgment; (2) ruling that the exclusionary clause of the homeowner's policy was operative to exclude coverage; and (3) finding, as a matter of law, that any injury ultimately proved by John Doe was expected or intended by appellant as the natural and probable result of his intentional acts, without regard to appellant's actual subjective intent.

Summary judgment is proper when the pleadings, depositions, and admissions on file, together with affidavits, show there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from the material facts, and the moving party is entitled to judgment as a matter of law. See, *Muckey v. Dittoe, ante* p. 250, 454 N.W.2d 682 (1990); *Peterson v. Don Peterson & Assoc. Ins. Agency,* 234 Neb. 651, 452 N.W.2d 517 (1990); *State Farm Fire & Cas. Co. v. Victor,* 232 Neb. 942, 442 N.W.2d 880 (1989). In reviewing an order granting a summary judgment, the Supreme Court views the evidence in the light most favorable to the party against whom the judgment is granted and gives that party the benefit of all reasonable inferences deducible from the evidence. See, *Muckey v. Dittoe, supra; John v. OO (Infinity) S Development Co.,* 234 Neb. 190, 450 N.W.2d 199 (1990); *State Farm Fire & Cas. Co. v. Victor, supra.*

John Doe's complaint in the U.S. district court alleges van Gorder "assaulted and physically and mentally abused Plaintiff, beginning in 1980 when Plaintiff was 12 years old and continuing for approximately 6 years except for the months of March and April, 1984." The complaint further alleges such assaults and attacks inflicted pain, fear, and suffering; caused physical and emotional damage; and caused permanent psychological and physical injury to John Doe. John Doe contends that "van Gorder performed some of the assaults with the aid of whips, paddles, handcuffs, brushes, and assorted

other equipment."

John Doe attempts to base his civil case on negligence, but ascribes to appellant specific acts of committing intentional and negligent assault and battery and taking advantage of his ministerial authority to entice John Doe into seclusion in order to touch, fondle, and penetrate him. John Doe also alleged in his civil suit that van Gorder failed to act in a reasonably prudent manner to avoid injury and harm to the complainant.

Regardless of the label John Doe affixes to the sexual abuse toward him, van Gorder's sexually abusive acts with John Doe were intentional as a matter of law. There is no such cause of action as negligent assault and battery. An assault and battery is an intentional act, whereas negligence is unintentional. *Newman v. Christensen*, 149 Neb. 471, 31 N.W.2d 417 (1948). Likewise, sexually abusive acts are intentional. Consequently, as a matter of law, John Doe's petition succeeds in merely alleging damages resulting from van Gorder's intentional acts of sexual abuse upon John Doe.

The pivotal issue for this court's consideration is whether the injury alleged by John Doe was expected or intended by van Gorder within the contemplation of the exclusionary clause contained in van Gorder's homeowner's insurance policy. The exclusionary clause reads, in part: "1. Coverage L — Personal Liability and Coverage M — Medical Payments to Others do not apply to: a. bodily injury or property damage which is expected or intended by the insured."

A nearly identical provision was interpreted by this court in *State Farm Fire & Cas. Co. v. Victor, supra,* wherein we concluded that an injury is expected or intended from the standpoint of the insured if a reason for an insured's act is to inflict bodily injury *or* if the character of the act is such that an intention to inflict an injury can be inferred as a matter of law.

Because we conclude that the character of van Gorder's acts was such that an intent to inflict injury can be inferred as a matter of law, we need not determine his subjective intent in inflicting bodily injury upon John Doe.

*Fireman's Fund Ins. Co. v. Hill,* 314 N.W.2d 834 (Minn. 1982), was also a declaratory judgment action to determine coverage under a homeowner's insurance policy. Hill and his

wife maintained a home for foster children. During the 15 months that a minor male child lived there, Hill engaged in sexual contact with the child. A tort action was filed on behalf of the child. Hill's homeowner's policy excluded from coverage " 'bodily injury or property damage which is either expected or intended from the standpoint of the insured.' " *Id.* at 835. The Minnesota Supreme Court, after citing its previous decisions that intent can be inferred when the character of the act is such as to justify such an inference, held that Hill's conduct was such that "an intention to inflict injury can be inferred as a matter of law," and that "Hill's acts are excluded from coverage under the homeowner's policy." *Id.* See, also, *Horace Mann Ins. Co. v. Ind. Sch. Dist.*, 355 N.W.2d 413 (Minn. 1984) (male teacher had sexual relations with a 10th-grade female student, and the insurance coverage under his homeowner's policy was excluded because even though he did not subjectively intend to harm the girl, as a matter of law an intent to injure could be inferred); *Estate of Lehmann by Lehmann v. Metzger*, 355 N.W.2d 425 (Minn. 1984) (intent to injure inferred, as a matter of law, in case where uncle had repeatedly sexually assaulted niece from the time she was 12 until she was 16 years of age).

In *Rodriguez v. Williams*, 107 Wash. 2d 381, 729 P.2d 627 (1986), an incest victim sought declaratory judgment that her stepfather's homeowner's policy provided coverage. The relevant exclusionary clause in the policy stated coverage did not apply to injury " 'which is expected or intended by the insured, but this exception does not apply to any act committed by or at the direction of the insured not intended to cause serious bodily injury . . . .' " *Id.* at 382-83, 729 P.2d at 628.

The Washington Supreme Court concluded that intent to injure, while normally a subjective determination under the wording of the policy, would be inferred to the insured in sex abuse cases and that once the intent is inferred, it is unimportant that the injuries inflicted are greater than or different from the injuries that might objectively be expected. The court held:

> [T]he insured intends harm as a matter of law when he commits incest. Applying this test to the subject case, Williams admittedly intended to commit the act of incest

which caused his stepdaughter's injuries. Therefore, we hold that Williams intended to injure Daylette as a matter of law irrespective of his actual subjective intent. The exclusion in the subject homeowner's policy applies, and the trial court was correct in denying coverage.

*Id.* at 387-88, 729 P.2d at 630-31. See, also, *PEMCO v. Rash*, 48 Wash. App. 701, 740 P.2d 370 (1987); *Western National Assur. v. Hecker*, 43 Wash. App. 816, 719 P.2d 954 (1986).

In *Roe v. State Farm Fire & Cas. Co.*, 188 Ga. App. 368, 373 S.E.2d 23 (1988), an insurer sued for declaratory judgment regarding its obligation to defend an insured in an action arising out of the insured's sexual molestation of a child. The Georgia Court of Appeals held that regardless of the insured's subjective intent in molesting a young girl over a 3-year period of time, he was presumed to have intended injuries that naturally and unavoidably flowed from his misconduct.

Authorities from other jurisdictions granting declaratory judgment that similar conduct is excluded from coverage under like policies include: *Fire Ins. Exchange v. Abbott*, 204 Cal. App. 3d 1012, 251 Cal. Rptr. 620 (1988); *Allstate Ins. Co. v. Kim W.*, 160 Cal. App. 3d 326, 206 Cal. Rptr. 609 (1984); *Linebaugh v. Berdish*, 144 Mich. App. 750, 376 N.W.2d 400 (1985); and *Illinois Farmers Ins. Co. v. Judith G.*, 379 N.W.2d 638 (Minn. App. 1986).

We agree with the aforementioned authorities and hold that regardless of the actor's subjective intent, an intent to inflict injury can be inferred as a matter of law in cases of sexual abuse.

Since, as a matter of law, van Gorder intended to inflict bodily injury on John Doe, van Gorder's acts and any damage caused thereby are excluded from coverage under his homeowner's policy. State Farm has no obligation to defend any civil suit or pay damages by reason of van Gorder's intentional acts.

There is no genuine issue of fact in this case. The trial court was correct in granting State Farm's motion for summary judgment.

AFFIRMED.