## Frank Espinet v. Peter Horvath

[597 A.2d 307]

No. 89-632

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 9, 1991

*Susan M. Murray* of *Langrock Sperry Parker & Wool*, Middlebury, for Plaintiff-Appellant.

*Robert Andres*, Burlington, for Defendant-Appellant.

*Michael J. Gannon* and *Richard H. Wadhams, Jr.*, of *Pierson, Wadhams, Quinn & Yates*, Burlington, for Intervenor-Appellee.

**Johnson, J.** Defendant challenges a trial court summary judgment ruling that State Farm Insurance Company (State Farm) has no contractual obligation to defend or indemnify him in connection with injuries sustained by plaintiff whom defendant shot in the head. On appeal, defendant contends first that summary judgment was inappropriate because a genuine issue of material fact exists as to whether he intended or expected to injure plaintiff, and second that the injury was covered by his State Farm policy because he acted in self-defense. We reverse and remand with respect to the first issue, but affirm with respect to the second.

Defendant shot plaintiff after a long evening of heavy drinking. He alleges that during the course of an argument, plaintiff lunged towards him with a letter opener and that he became frightened, reached for his handgun and shot. He claims that he did not intend to hit plaintiff but rather aimed above his head hoping that "the big bang would straighten [the] flaky bastard out."

In the ensuing action by plaintiff against defendant, defendant called upon State Farm to defend him. Defendant's

State Farm policy covers liability for damages arising from bodily injury and requires State Farm to provide a defense when a claim is brought for such damages. Coverage does not extend to a "bodily injury . . . which is expected or intended by an insured." The trial court ruled that, as a matter of law, defendant expected or intended to injure plaintiff, granted summary judgment, relieving State Farm from a duty to defend and indemnify, and entered final judgment dismissing State Farm from the case. This appeal followed.

> When reviewing a motion for summary judgment, we apply the same standard the trial court used in ruling on the motion. To prevail, the moving party must satisfy a two-part test. It must establish that no genuine issues of material fact exist, and that the motion rests on a valid legal theory that entitles it to judgment as a matter of law. Both in the trial court and on appeal, the moving party bears the burden of proof.

*Kelly v. Town of Barnard*, 155 Vt. 296, 299, 583 A.2d 614, 616 (1990) (citations omitted). In determining whether a genuine issue of material fact exists, a court must give the nonmoving party "the benefit of all reasonable doubts and inferences." *Price v. Leland*, 149 Vt. 518, 521, 546 A.2d 793, 796 (1988). But "'[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."'" *Kelly v. Town of Barnard*, 155 Vt. at 305 n.5, 583 A.2d at 619 n.5 (quoting *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The trial court acknowledged that, under Vermont law, whether defendant expected or intended the injuries is a subjective inquiry, but applied an objective standard, holding that the conduct in question was "so inherently dangerous that an intent to harm [could] be inferred as a matter of law." In *State v. Glens Falls Insurance Co.*, 137 Vt. 313, 404 A.2d 101 (1979), we construed language similar to that in question here. We held that although an insured must be taken to have intended an injury where the circumstances indicate that he knew his act would damage the injured party, in equivocal circumstances subjective testimony may be relied on by the trier of fact. *Id.* at 317, 404 A.2d at 104. The issue is whether the circumstances in

this case are equivocal or whether they are such that no rational person could doubt defendant knew he would hit plaintiff.

Defendant testified in his deposition that he was heavily intoxicated at the time of the incident. He calculated that plaintiff was eight to ten feet away from him, but coming towards him. He admitted that he intended to cock the pistol, point the gun in plaintiff's direction, and pull the trigger but stated that he aimed over plaintiff's right ear expecting to shoot about a foot or more over his head. Plaintiff was struck on the skull near the right eye at the tear duct. Defendant claimed he was very shocked that he hit plaintiff as he is an expert marksman who habitually competes in marksmanship with friends; he surmised that his drinking might have affected his aim. Defendant personally called the state police and explained what had occurred.

■ In *Otterman v. Union Mutual Fire Insurance Co.*, 130 Vt. 636, 642, 298 A.2d 547, 551 (1972), we upheld a trial court finding that the defendant did not expect or intend to injure a victim when the defendant fired into a darkened room. The bullet went through a wall hitting a police officer in a contiguous room. The circumstances in *Otterman* are more equivocal than those in the case at hand. Nevertheless, giving defendant the benefit of all reasonable doubts and inferences, we cannot say that the circumstances conclusively indicate defendant knew he would hit and injure plaintiff. Accordingly, summary judgment in State Farm's favor was inappropriate.

■■ Moreover, we reject the trial court's rationale that defendant's intent can be inferred as a matter of law because he engaged in an inherently dangerous activity. The State Farm policy excludes only coverage for expected or intended injuries. It does not exclude coverage for injuries caused by the insured's inherently dangerous activities. "[D]isputed contract language, if clear and unambiguous, must be given force and effect in its plain, ordinary, and popular sense." *Glens Falls Ins. Co.*, 137 Vt. at 319, 404 A.2d at 105. Had State Farm wished to exclude from coverage injuries caused by inherently dangerous activities, it could have included an appropriate provision in the contract.

■ Defendant argues also that the court erred in ruling the contractual provision excludes from coverage intended or expected injuries resulting from acts taken in self-defense. Although defendant's claim that he acted in self-defense may be relevant to the issue of his expectation and/or intention in shooting, it does not bring him within the coverage of the policy. The contractual language excludes *any* bodily injury intended or expected by the insured. Though justified, an injury inflicted by an act taken in self-defense may be expected and/or intended. To accept defendant's theory that injuries inflicted in the course of self-defense are included in coverage, we would be forced to read into the policy that only injuries inflicted wrongfully are excluded. We may not read such a requirement into the contract. See *State Farm Fire & Casualty Co. v. Marshall*, 554 So. 2d 504, 505–06 (Fla. 1989) (per curiam) (refusing to rewrite the policy, agreed to by the parties, to cover intentional acts taken in self-defense); *Lockhart v. Allstate Ins. Co.*, 119 Ariz. 150, 152–53, 579 P.2d 1120, 1122–23 (Ct. App. 1978) (no coverage under a policy excluding coverage for injuries expected or intended by insured where insured shot the victim in self-defense and testified he intended to hit him). Accordingly, we affirm the trial court's ruling that defendant cannot rely on his claim of self-defense to defeat the plain language of the exclusion.

*Affirmed in part, reversed and remanded in part.*

**Allen, C.J., dissenting.** Because I disagree with the majority's application of the exclusion for injuries "expected or intended" to the facts of this case, I would affirm the trial court's grant of summary judgment to State Farm.

Although the inquiries into an insured's intentions and expectations under the terms of the policy before us are both subjective, they are not identical. If they were, the use of the word "expected" would be mere surplusage, which is a result to be avoided in interpretation. *State v. Kreth*, 150 Vt. 406, 409, 553 A.2d 554, 556 (1988); see, e.g., *Indiana Farmers Mut. Ins. Co. v. Graham*, 537 N.E.2d 510, 512 (Ind. Ct. App. 1989) (if expected and intended "were to be synonymous, what purpose is served by including both within the exclusionary clause"); *Farm Bureau Town & Country Ins. Co. v. Turnbo*, 740 S.W.2d

232, 236 (Mo. Ct. App. 1987) (same). An insured intends an injury if he or she subjectively desires it, and an insured expects an injury if he or she is subjectively aware that injury is substantially certain to result. *State v. Glens Falls Ins. Co.*, 137 Vt. 313, 317, 404 A.2d 101, 104 (1979) (interpreting similar provision to exclude coverage for "highly probable or intentionally caused damage"); accord *Alabama Farm Bureau Mut. Casualty Ins. Co. v. Dyer*, 454 So. 2d 921, 925 (Ala. 1984); *Bolin v. State Farm Fire & Casualty Co.*, 557 N.E.2d 1084, 1086 (Ind. Ct. App. 1990); *Quincy Mut. Fire Ins. Co. v. Abernathy*, 393 Mass. 81, 86, 469 N.E.2d 797, 800 (1984).

The majority holds that summary judgment is inappropriate because the insured disavowed an intent to injure plaintiff. The insured stated in his deposition that his intention was to frighten plaintiff: "I was acting with the concept in mind that the big bang would straighten this flaky bastard out." He stated that he did not mean to aim at plaintiff, but rather "inches or feet" above his ear. For the majority, these ex post statements render defendant's actions equivocal. Although I would agree that these statements create a genuine issue of material fact as to the insured's intentions, I disagree that they create a genuine issue of material fact as to his expectations.

The insured's own account of the shooting is as follows. After a period of time during which plaintiff "appeared to be quite out of control," the insured perceived plaintiff lunging toward a letter opener lying on the kitchen table separating them. The insured was in fear of plaintiff, and felt that plaintiff was going to attack him. The insured reached for his .22 calibre revolver, which was on top of the refrigerator behind him, and in one continuous motion discarded the holster with a flick of his right hand while cocking the gun with his left, fully extended his arms, and squeezed the trigger. At that point plaintiff was eight to ten feet away from insured and moving towards him. The bullet struck plaintiff near the tear duct of his right eye. The insured admitted that he intended to cock the gun, extend his arms, point the gun in the direction of plaintiff, pull the trigger, and fire a bullet. He maintained that he was a good marksman, and that the gun was accurately sighted.

On these facts, I would grant summary judgment on the ground that no reasonable finder of fact could conclude other

than that the insured must have expected injury to result from his actions. The insured did not point the gun away from plaintiff. He did not point it straight up or straight down. Rather, he pointed it at the plaintiff's head and pulled the trigger. Despite his contention that he intended to aim "inches or feet" above plaintiff's ear, the insured certainly cannot contest that the gun was actually pointed at the center of plaintiff's head from a distance of eight to ten feet, as this is where the bullet lodged. As the majority concedes, these actions are more unequivocal than those in *Otterman v. Union Mutual Fire Ins. Co.*, 130 Vt. 636, 642, 298 A.2d 547, 551 (1972) (affirming trial court's finding that injury was neither "expected or intended" where insured fired a shot into a dark room which passed through a wall and hit the victim). Whatever the insured's intentions in this case, he must have been aware that injury was substantially certain to result from his actions.

I find ample support for this view in cases from other jurisdictions. In *State Farm Fire & Casualty Co. v. Victor*, 232 Neb. 942, 442 N.W.2d 880 (1989), the court affirmed a grant of summary judgment to the insurer where the insured fired a .357 magnum at the doorway in which the victim was standing. The insured's subjective intent was not resolved. The court held that from the insured's actions, "it can only be concluded that as a matter of law [insured] expected or intended to injure [decedent]." *Id.* at 946, 442 N.W.2d at 883. In *Woida v. North Star Mutual Insurance Co.*, 306 N.W.2d 570 (Minn. 1981) (en banc), the court upheld summary judgment for insurer despite plaintiff's arguments that a specific intent to injure had not been shown. In *Woida*, the insured and several friends drove to a construction site to harass the guards. Where high-powered rifles with armor-piercing bullets were fired "through the windshield of the [guards'] vehicle knowing that someone could be seriously injured," the court found an intent to injure as a matter of law. *Id.* at 573–74; cf. *Travelers Ins. Co. v. Cole*, 631 S.W.2d 661, 664 (Mo. Ct. App. 1982) (affirming trial court's finding that injury was "intended or expected" where "insured's actions in discharging a gun at [victim] in the insured's residence was a dangerous act from which harm was almost certain to result").

I find a statement in *Tobin v. Williams*, 396 So. 2d 562 (La. Ct. App. 1981), particularly apt. The court quoted the trial judge:

> "[Insured] drew a loaded .357 magnum pistol, and thrust it in the direction of the plaintiff, causing it to discharge. Given this conduct, any reasonable person would have to conclude that injuries were almost certain to result from such a dangerous course of action. A person who points a loaded pistol at someone and pulls the trigger should not be absolved from liability simply by claiming: 'I only meant to scare him.'"

*Id.* at 564; cf. *Draffen v. Allstate Ins. Co.*, 407 So. 2d 1063, 1065 (Fla. Dist. Ct. App. 1981) (insured, after committing robbery, fired six shots in direction of pursuers whom he could not see, hitting with four of the shots; holding injury "expected or intended," court noted that "[i]f appellant had intended merely to frighten his pursuers, he could have fired at the ground or into the air. He did neither. Instead he fired in the direction of his pursuers with what in different circumstances might be termed commendable accuracy.").

Actions can speak louder than words. See *Allstate Ins. Co. v. Freeman*, 432 Mich. 656, 679, 443 N.W.2d 734, 745 (1989) (Riley, C.J., concurring in part and dissenting in part). I would hold that the insured's actions were such that he must have been aware that injury was substantially certain to result, despite his later self-serving statements that he meant only to frighten plaintiff. Because injury was substantially certain to result from the insured's pulling the trigger of the gun while it was aimed at another from close range, the injury was expected. Accordingly, summary judgment in favor of State Farm was appropriate, and I would affirm the order of the trial court.