**Frank ESPINET v. Peter HORVATH**

[657 A.2d 168]

No. 93-146

December 21, 1993. This matter is back before this Court on appeal after remand to the Chittenden Superior Court. The issue both in the original and the current appeal centers on a provision in the defendant's homeowners insurance policy, underwritten by intervenor State Farm Fire and Casualty Company, which excludes coverage for "bodily injury . . . which is expected or intended by an insured." In his first appeal, plaintiff Frank Espinet challenged the Chittenden Superior Court's

grant of State Farm's motion for summary judgment and subsequent dismissal from the action on the ground that defendant Peter Horvath's action in shooting plaintiff in the eye was intentional as a matter of law. We reversed the court's ruling of law, and remanded for consideration of the facts. See *Espinet v. Horvath*, 157 Vt. 257, 260–61, 597 A.2d 307, 309–10 (1991).

On remand, the trial court found that defendant's action was intentional, and therefore concluded that his actions were excluded from coverage under the State Farm policy. Plaintiff now appeals, alleging error in the trial court's failure to make findings concerning plaintiff's theory that defendant was negligent in the storage of his handgun and that this negligence was the proximate cause of plaintiff's injuries. This theory, if accepted, would ground the underlying suit on negligence and allow plaintiff to avoid the State Farm policy exclusion. We, however, find no merit to the plaintiff's theory and thus affirm.

Plaintiff contends that defendant's failure to store his handgun so that it would have been inaccessible to him when the sudden urge arose was a proximate cause of plaintiff's injuries. As the argument runs, but for the defendant's "negligent storage" of the handgun, the gun would not have been within reach of defendant, and plaintiff would not have been shot.

Plaintiff's theory is that a person can be negligent by creating an unreasonable risk to another through an expectable action, even if that expectable action constitutes an intentional tort, or even a crime. See Restatement (Second) of Torts § 302(b) (1965). What plaintiff overlooks, however, is that the intentional conduct that must be anticipated is the intentional conduct of the person injured or a third person. See *id.* § 302B. There is no support for the proposition that a defendant can be negligent for failing to anticipate and prevent *his own* intentional conduct. Plaintiff's argument would allow a negligence theory in every intentional tort situation, the negligence being defendant's failure to avoid the circumstances that enabled him to commit the intentional tort.

Moreover, plaintiff's argument does not address the policy exclusion. The policy excludes coverage for "bodily injury . . . which is expected or intended by an insured." Plaintiff has not appealed the trial court's finding that his injury was expected or intended. His claim is that defendant was also negligent in bringing it about. Defendant's additional negligence, even if we recognized it, would not change the finding of an intentional act and would not take this case out of the policy exclusion. See *Levesque v. Saba*, 402 So. 2d 266, 273 (La. Ct. App. 1981) (under similar policy exclusion fact that defendant, after shooting plaintiff, was negligent in failing to summon medical help for plaintiff does not avoid exclusion of coverage because defendant expected to injure plaintiff).

Because of our disposition, the failure of the trial court to address plaintiff's negligence theory in its findings and conclusions was harmless.