## NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
### v.
### Roland J. LAJOIE, Sr., and Stephanie L. Ring, Intervenor
### and
### Cooperative Fire Insurance Co. v. Roland J. Lajoie, Sr., and Stephanie L. Ring, Intervenor

[661 A.2d 85]

Nos. 94-219, 94-220

March 24, 1995. Intervenor Stephanie Ring appeals the Chittenden Superior Court's decision granting plaintiffs' motions for summary judgment against their insured, and her step-father, Roland J. Lajoie, Sr. Both plaintiffs sought a declaratory judgment that they were not required to indemnify or defend Lajoie under his homeowner's policy for sexual and emotional abuse perpetrated by him against intervenor while she was a minor living in his household. Because both cases concern precisely the same issue, we decide them together. We affirm.

Summary judgment is appropriate when no genuine issue of material fact exists, and the motion rests on a valid legal theory such that the moving party is entitled to judgment as a matter of law. *Espinet v. Horvath*, 157 Vt. 257, 259, 597 A.2d 307, 309 (1991); V.R.C.P. 56(c). This Court applies the same standard on appeal. *State v. Delaney*, 157 Vt. 247, 252, 598 A.2d 138, 141 (1991).

Intervenor's complaint against Lajoie alleged intentional infliction of emotional distress, battery, "negligent infliction of psychological and physical harm," and "negligent interference with, and injury to, familial relationships." The factual allegations are that Lajoie sexually assaulted intervenor, subjected her to "nonsexual verbal and psychological abuse," and engaged in conduct that had the effect of harming the bonds of love and trust between intervenor and her brother and mother. The trial court ruled there was no coverage for these allegations because the harm was caused intentionally by the insured. Intervenor argues this ruling was error because there exists a genuine issue of material fact regarding whether Lajoie had the subjective intent to harm intervenor.

Intervenor recognizes that we will infer intent to injure in cases involving sexual abuse of a minor. See *Massachusetts Mut. Life Ins. Co. v. Ouellette*, 159 Vt. 187, 192, 617 A.2d 132, 135 (1992); see generally *B.B. v. Continental Ins. Co.*, 8 F.3d 1288, 1292-94 (8th Cir. 1993) (discussing decisions from jurisdictions that employ inferred-intent standard). She argues that we cannot find intent as a matter of law for nonsexual child abuse or destruction of familial relationships.

In making this argument, intervenor relies on our decision in *Espinet*, in which we held that intent to harm could not be presumed as a matter of law where the defendant claimed that he aimed and shot over the plaintiff's head, and expected only to frighten him. 157 Vt. at 260, 597 A.2d at 309. We concluded that such circumstances were equivocal and that rational people might differ as to whether the defendant knew he would hit and injure plaintiff. *Id.* at 259-60, 597 A.2d at 309.

*Espinet* is entirely inapposite to the circumstances here. The nucleus of the underlying action was sexual abuse. Lajoie forced intervenor to have sex with him, he showered with her, and subjected her to incessant criticism and verbal cruelty. It is inconceivable that sexual abuse of a minor by a family member will not be accompanied by other abuse and will not destroy familial relationships. If we require coverage for these subsidiary circumstances, we will require coverage in every sexual abuse case, undoing the inferred-intent rule. Moreover, we see no reason to distinguish between sexual abuse and related physical and mental abuse for purposes of the inferred-intent standard. Finally, in a creative attempt to achieve coverage, intervenor has drafted claims that go beyond the boundaries of established torts. See *Jobin v. McQuillen*, 158 Vt. 322, 328, 609 A.2d 990, 993 (1992) (negligent infliction of emotional distress requires showing that plaintiff suffered physical harm or was subject to reasonable fear of immediate physical injury as the result of defendant's negligence). We agree with the trial court that labeling Lajoie's conduct as negligent "is simply a disingenuous attempt to create a factual dispute."

*Affirmed.*