11-4500-cv
Ins. Co. of the State of Pa. v. Johnson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

PRESENT: DENNIS JACOBS,
      <u>Chief Judge</u>,
   ROSEMARY S. POOLER,
   PETER W. HALL,
      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA,
   <u>Plaintiff-Appellant</u>,

   -v.-             **11-4500-cv**

KERRIE A. JOHNSON, administrator of
the estate of MICHAEL W. JOHNSON,
   <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:     Patrick Peter Fredette,
            Cincinnati, Ohio (Martha M.
            Smyrski, Montpelier, Vermont; F.
            Brian Joslin, Montpelier,
            Vermont; Timothy J. Puin,
            Cincinnati, Ohio, *on the brief*).

**FOR APPELLEE:**                    Kelley B. Stewart, Fort
                                    Lauderdale, Florida (John F.
                                    Campbell, Quechee, Vermont,
                                    Walter Gordon Campbell, Jr.,
                                    Fort Lauderdale, Florida, *on the
                                    brief*).

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

The Insurance Company of the State of Pennsylvania (the "Company") appeals from the district court's grant of summary judgment in favor of Kerrie A. Johnson, whose husband was a Vermont State Police officer who was killed by a motorist who was fleeing from police. She seeks recovery under the underinsured motorist coverage of an insurance policy issued by the Company to the deceased's employer, the State of Vermont ("the State"). By Order of October 20, 2011, the district court certified a final judgment in this case pursuant to Federal Rule of Civil Procedure 54(b). Since this is an interlocutory appeal, we decide only the issues before us. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Court reviews <u>de novo</u> a decision on a motion for summary judgment. <u>Mario v. P & C Food Markets, Inc.</u>, 313 F.3d 758, 763 (2d Cir. 2002).

1. One question is whether the State directed that the underinsured motorist ("UIM") coverage be lower than the policy limits, which would otherwise apply by virtue of Vt. Stat. Ann. tit. 23, § 941. The district court concluded that, under <u>Lecours v. Nationwide Mut. Ins. Co.</u>, 657 A.2d 177 (Vt. 1995), insurers have a duty to notify the insured of the availability of UIM coverage. It is not necessary to determine whether <u>Lecours</u> creates such a duty because, at the very least, <u>Lecours</u> requires "the insurer to show that the insured made a knowing rejection of higher [UIM] coverage." <u>Id.</u> at 179. Here, the State could not have made

2

a "knowing rejection" of the higher UIM coverage because the state official who purchased the insurance testified [i] that he believed that section 941 applied only to "primary auto policies" and not to excess policies like the ones at issue here, (Duchac Dep. 78, June 25, 2007), and [ii] that he was not "even thinking about UIM [coverage] . . . at any time when [he] read the policy after [he] got it," (id. at 79). The State therefore did not make a "knowing rejection" of higher UIM coverage.

2. The Company next argues that section 941 does not apply to a policy purchased by the State because, generally, "statute[s] . . . will not apply to the State to the detriment of sovereign rights or interests unless such an intent clearly appears from the statutory language." (Appellant's Br. 31.) However, section 941 is not "detrimental" to the State's interests. Increasing the amount of UIM coverage benefits the State and its employees.

3. The Company argues that the Vermont Tort Claims Act ("VTCA"), which limits the State's tort liability to $250,000 per person per occurrence, Vt. Stat. Ann. tit. 12, § 5601 (2003), is a basis to infer that section 941 requires only $250,000 in UIM coverage for policies purchased by the State. As the district court held, this argument is contradicted by the text of section 941, which requires UIM coverage up to the "limits of liability coverage," not up to the possible exposure that the insured faces. Further, we see no relevance of the VTCA because, although the underlying accident involved a tort, the State was not the tortfeasor, and the State is not liable.

4. The Company argues that Sgt. Johnson was not an "insured" and did not die in an "occurrence." We disagree. Sgt. Johnson was clearly an "insured" because the policy defines "insured" as, inter alia, any State employee. The incident that caused Sgt. Johnson's death was an "occurrence" because Daley, the underinsured motorist, did not intend to harm Johnson. In deciding whether a claim involved an "occurrence" under similarly worded policies, Vermont courts look only to whether the tortfeasor intended to harm the victim. Compare Landry v. Dairyland Ins. Co., 701 A.2d 1035, 1035-36 (Vt. 1997), with Otterman v. Union Mut. Fire Ins. Co., 298 A.2d 547, 642 (Vt. 1972). The

Company's suggestion that we infer intent because Daley was driving so recklessly is unsupported by Vermont law. <u>See, e.g.</u>, <u>Espinet v. Horvath</u>, 597 A.2d 307, 309 (Vt. 1991) ("[W]e reject the trial court's rationale that defendant's intent can be inferred as a matter of law because he engaged in an inherently dangerous activity."); <u>cf.</u> <u>Nationwide Mut. Fire Ins. Co. v. Lajoie</u>, 661 A.2d 85, 86 (Vt. 1995) (distinguishing <u>Espinet</u> as "inapposite to the circumstances here," involving sexual abuse).

For the foregoing reasons, and finding no merit in the Company's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4